

# Fourth Court of Appeals
## San Antonio, Texas

June 29, 2015

No. 04-15-00347-CV

Chris **RODRIGUEZ**,
Appellant

v.

**US HOME OWNERSHIP LLC,**
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CI01511
Honorable Peter A. Sakai, Judge Presiding

# O R D E R

On January 30, 2015, U.S. Home Ownership, LLC, filed an application for an expedited order under Rule 736 of the Texas Rules of Civil Procedure, which sets out procedures related to foreclosures of certain liens. The application named Chris Rodriguez and Anne Marie Rodriguez as respondents, and alleged that the Rodriguezes had previously executed a promissory note and, to secure payment on the note, a home equity deed of trust.

On May 6, 2015, the trial court signed a default order granting an application for an expedited order allowing the foreclosure of a home equity loan pursuant to Rule 736 of the Texas Rules of Civil Procedure. On June 4, 2015, Chris Rodriguez, the appellant, filed a notice of appeal from this order.

Rule 736.8(c) of the Texas Rules of Civil Procedure provides that an order granting or denying an application under Rule 736.1 "is not subject to a motion for rehearing, new trial, bill of review, or appeal. Any challenge to a Rule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction." *See* TEX. R. CIV. P. 736.8(c). Because Rule 736 expressly disallows appeals from orders allowing foreclosures under that rule, it appears that we have no jurisdiction over this appeal. *See Hunter v. Bank of New York Mellon*, No. 14-15-00043-CV, 2015 WL 1736341, at *1 Tex. App.—Houston [14th Dist.] April 14, 2015, no pet.) ("An order granting an application filed pursuant to Rule 736 is not subject to appeal."); *Bondyopadhyay v. Bank of New York Mellon*, No. 01-14-00478-CV, 2014 WL 6680368, at *1 (Tex. App.—Houston [1st Dist.] Nov. 25, 2014, no pet.) (dismissing an attempted appeal from a Rule 736 order for lack of jurisdiction).

We, therefore, ORDER the appellant to show cause in writing by **July 14, 2015** why this appeal should not be dismissed for lack of jurisdiction. We suspend all appellate deadlines pending our determination of whether we have jurisdiction over this appeal.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of June, 2015.

_____
Keith E. Hottle
Clerk of Court